IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES A. BEVERIDGE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:08-cv-52 (HL) |
| HD SUPPLY WATERWORKS, LTD., | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

The Defendant's motion in limine to exclude evidence of the Plaintiff's damages following October 31, 2008 is denied.

### I. BACKGROUND

A pretrial conference was held in this Family Medical Leave Act case on October 5, 2010. After the pretrial conference and less than one week before trial, the Plaintiff disclosed to the Defendant that he had been employed at two other locations after October 31, 2008. Prior to October 31, 2008, the Plaintiff was paid a salary of $55,000 per year. The Plaintiff was paid less than $55,000 per year at his two other places of employment following October 31, 2008.

The Defendant argues that it has been harmed by the Plaintiff's late disclosure. One of its defenses in this case is that the Plaintiff did not suffer from a serious health condition entitling him to FMLA leave. To support this defense, the Defendant will present evidence

showing that the Plaintiff did not seek out treatment for his sleeping condition. The Defendant argues that if it had known about the Plaintiff's two subsequent jobs, he would have questioned the employers about whether the Plaintiff received medical treatment for his sleeping condition while employed there. It also argues that it would have liked to have known whether the Defendant was terminated at his other places of employment for sleeping.

The Defendant asks the Court to sanction the Plaintiff for failing to disclose his later employment by limiting the period of time in which damages may be awarded from the date of the Plaintiff's termination to October 31, 2008.

The Plaintiff has agreed not to present evidence that he was paid less than $55,000 after October 31, 2008. He further argues that the Defendant is not harmed in any other way by the late disclosure because evidence of acts occurring after his termination are irrelevant and not admissible into evidence. He does not believe a sanction is appropriate.

**II.   DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure allows a court to sanction a party for failing to disclose information as required by Rule 26. A sanction is warranted if the failure to disclosed harmed the opposing party. Fed. R. Civ. P. 37(c)(1).

The Defendant's motion in limine raises two issues: (1) whether the late disclosure harms its ability to present evidence on the issue of damages; and (2) whether the late disclosure harms its ability to present evidence on the issue of whether the Plaintiff suffered from a serious medical condition or whether the Plaintiff was fired for sleeping, rather than for asking for time off from work.

As to the first issue, the Court finds that the Plaintiff's offer to limit evidence of his lost

wages to the difference between his salary at HD Supply and $55,000 per year eliminates any harm to the Defendant. The Plaintiff earned less than $55,000 per year at his two subsequent places of employment. The Defendant is not harmed on the issue of damages if the Plaintiff presents to the jury that he lost fewer wages than he actually did. The Court accepts the Plaintiff's offer because it is an appropriate remedy to the Plaintiff's failure to disclose evidence of subsequent employment.

The second issue is about the admissibility of other act evidence. The rules of evidence do not permit evidence of other acts to be admitted as circumstantial evidence to prove conduct on a particular occasion. Fed. R. Evid. 404(a)(1). The Defendant is not permitted to introduce evidence that the Plaintiff was terminated at his subsequent places of employment for sleeping to show that the Plaintiff was terminated by the Defendant for sleeping.

The Court discerns from the Defendant's oral argument that the Defendant would have also liked to admit evidence that the Plaintiff did not seek out treatment for his sleeping condition while employed by the other employers. Because it has not been able to question the other employers due to the Plaintiff's late disclosures, the Defendant cannot determine whether the Plaintiff sought out medical treatment for his sleeping condition while employed at his subsequent places of employment.

The Plaintiff's treatment following his termination from the Defendant is irrelevant and constitutes inadmissible other act evidence because medical conditions and their severity change over time. The probative value of the Plaintiff's medical treatment following his termination by the Defendant is low because his medical treatment following his termination does not show that at the time he was terminated, the Plaintiff suffered from a

3

serious medical condition. His condition may have been serious while employed by the Defendant and not serious later on when he was employed by other employers. So long as the Plaintiff does not open the door by presenting evidence on the issue of the Plaintiff's medical treatment following his termination by the Defendant, the Defendant is not harmed by not having had the opportunity to question the Plaintiff's subsequent employers.

The motion in limine is denied.

**SO ORDERED**, this the 18th of October, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

lmc